UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FRANK A. CATALANO,

                            Plaintiff,

      v.                                             DECISION AND ORDER
                                                         04-CV-389A

MARIA LEHMAN, Comm'r of Public Works,
DAVID BOEHM, Erie County Senior Highway
Engineer, GERRY SENTZ, Erie County Dir.
of Energy, Utility and Grant Mgmt, and
ERIE COUNTY, New York,

                            Defendants.

       Plaintiff brought this lawsuit against the defendants pursuant to 42 U.S.C. § 1983. Plaintiff is a former employee of the Erie County Highway Department. He alleges that the defendants, all employees of Erie County, New York, violated his First Amendment rights and defamed him under New York State Law.

       The defendants moved to dismiss the plaintiff's complaint under Fed. R. Civ. P. 12(c). This case was referred to Magistrate Judge Jonathan W. Feldman, pursuant to 28 U.S.C. § 636(b)(1). On September 27, 2007, Magistrate Judge Feldman issued a Report and Recommendation, recommending that the defendants' motion to dismiss be granted in its entirety.

1

Plaintiff filed objections to the Report and Recommendation and the defendants filed a response in opposition to the objections. On April 24, 2008, this Court heard oral argument on the objections.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a <u>de novo</u> determination of those portions of the Report and Recommendation to which objections have been made. Upon a <u>de novo</u> review, and after carefully reviewing the submissions and hearing argument from the parties, the Court adopts Magistrate Judge Feldman's Report and Recommendation in its entirety and denies the plaintiff's objections.

In his objections, plaintiff does not challenge any of the legal conclusions reached by Magistrate Judge Feldman. In fact, he specifically concedes that his complaint, as pled, fails to state a claim. <u>See</u> Objections, Dkt. 24, at 3. Nevertheless, plaintiff asserts that he should be granted leave to amend his complaint to address the pleading deficiency identified by Magistrate Judge Feldman.

Although plaintiff evidently desires an opportunity to file an amended complaint, he never filed a formal motion seeking such relief. The Court declines to treat plaintiff's "objections" as a formal motion for leave to amend, particularly since he did not brief the issue of whether leave was warranted. Had plaintiff briefed the issue, it is likely that the Court would have denied the motion as untimely. The defendants' motion to dismiss should have alerted plaintiff to the

2

pleading deficiency, but plaintiff did not move to amend to cure that deficiency at any time during the two-year period that the motion was pending before the Magistrate Judge. Instead, he waited for the Magistrate Judge to rule on the merits of the defendants' motion to dismiss. Even now, he has not formally moved for leave to amend. He simply "objects" to the Report and Recommendation on the ground that he should be granted an opportunity to replead. Certainly, Magistrate Judge Feldman cannot be faulted for failing to grant a request that was never made.

Moreover, for the reasons stated in defendants' response to the plaintiff's objections, it appears that amendment would be futile. Plaintiff seeks to amend his complaint to allege that he was discharged because he was named as a witness in a harassment and retaliation complaint. However, the New York State Unemployment Insurance Appeals Board has already determined that the plaintiff was discharged for misappropriating County property, not for some unconstitutional reason. Since plaintiff will be collaterally estopped from challenging that determination, see Hill v. Coca-Cola Bottling Co. of New York, 786 F.2d 550, 553 (2d Cir. 1986) (holding that plaintiff Hill was collaterally estopped from relitigating the issue of whether he violated company policy as a result of a New York Sate administrative proceeding finding that he did), plaintiff's amendment appears to be futile.

pleading deficiency, but plaintiff did not move to amend to cure that deficiency at any time during the two-year period that the motion was pending before the Magistrate Judge. Instead, he waited for the Magistrate Judge to rule on the merits of the defendants' motion to dismiss. Even now, he has not formally moved for leave to amend. He simply "objects" to the Report and Recommendation on the ground that he should be granted an opportunity to replead. Certainly, Magistrate Judge Feldman cannot be faulted for failing to grant a request that was never made.

Moreover, for the reasons stated in defendants' response to the plaintiff's objections, it appears that amendment would be futile. Plaintiff seeks to amend his complaint to allege that he was discharged because he was named as a witness in a harassment and retaliation complaint. However, the New York State Unemployment Insurance Appeals Board has already determined that the plaintiff was discharged for misappropriating County property, not for some unconstitutional reason. Since plaintiff will be collaterally estopped from challenging that determination, see Hill v. Coca-Cola Bottling Co. of New York, 786 F.2d 550, 553 (2d Cir. 1986) (holding that plaintiff Hill was collaterally estopped from relitigating the issue of whether he violated company policy as a result of a New York Sate administrative proceeding finding that he did), plaintiff's amendment appears to be futile.

Accordingly, for the reasons stated by Magistrate Judge Feldman, the defendants' motion to dismiss is granted in its entirety, and the Court declines to treat plaintiff's objections as a motion for leave to amend.

The Clerk of the Court is ordered to enter judgment in favor of the defendants and to take all steps necessary to close this case.

SO ORDERED.

s/ *Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED:  September 23 , 2008